McGREGOR W. SCOTT
United States Attorney
KRISTIN S. DOOR, SBN 84307
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916)554-2723

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> REAL PROPERTY LOCATED AT 10664 ) <br> & 10683 BIRCHVILLE ROAD, NEVADA ) <br> CITY, CALIFORNIA, NEVADA ) <br> COUNTY, APN NOS: 60-290-06 AND ) <br> 60-290-13, INCLUDING ALL ) <br> APPURTENANCES AND IMPROVEMENTS ) <br> THERETO, ) <br> ) <br> Defendant. ) <br> _____) | 2:07-cv-00922 RRB GGH <br><br> STIPULATION FOR EXPEDITED SETTLEMENT BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND MORTGAGEIT, INC. AND ORDER THEREON |

IT IS HEREBY STIPULATED by and between plaintiff United States of America and claimant MortgageIT, Inc. (hereafter "MortgageIT"), and through their respective counsel of record, that MortgageIT has a valid pre-existing mortgage lien on the defendant real property described in this Stipulation, which is not contested by plaintiff.

Plaintiff United States of America and claimant MortgageIT further stipulate that:

1. Any violation of 21 U.S.C. § 881(a)(7) involving the

1

defendant property located at 10664 & 10683 Birchville Road, Nevada City, California, Nevada County, APN NOS: 60-290-06 and 60-290-13, occurred without the knowledge and consent of MortgageIT.

  2. Plaintiff United States agrees that upon entry of a Final Judgment of Forfeiture in favor of the United States, plaintiff, through the United States Marshals Service or its agent(s), shall undertake to sell the defendant real property in a commercially reasonable manner and to sell said property for fair market value (the "Purchase Price").  The following costs and expenses of sale shall be deducted from the Purchase Price and paid directly out of escrow in the following order:

    (a) First, the costs incurred by the United States Marshals Service to the date of close of escrow, including the cost of posting, service, advertising, and maintenance;

    (b) Second, to the Placer County Tax Collector (for real property taxes) of all real property taxes assessed and unpaid against the defendant real property prorated to the date of entry of the Final Judgment of Forfeiture;

    (c) Third, the costs and expenses associated with the actual sale of the defendant real property, e.g. a real estate commission, escrow and title fees.

    (d) Fourth, any county transfer taxes.

    (e) Fifth, to MortgageIT as follows:

      (i) all unpaid principal due to MortgageIT under the Promissory Note (hereafter "Note") dated March 6, 2007, in the original principal amount of $500,000.00, a true and correct copy of which is attached hereto as Exhibit A, and which is

1  secured by a Deed of Trust dated March 6, 2007, recorded March
2  13, 2007, as Instrument number: DOC-2007-0007798-00 of the
3  Official Records of Nevada County, California ("Deed of Trust"),
4  a true and correct copy of which is attached hereto as Exhibit B.
5  As of June 11, 2007, the principal due and owing under the Note
6  is $500,000.00.

7             (ii)  all unpaid interest due as of the date of
8  the closing of the sale of the defendant real property at the
9  contractual (not default) rate under the above-referenced Note
10 and Deed of Trust until the date of payment.  As of June 11,
11 2007, the accrued interest due and owing is $<126.14>. (credit
12 balance.)  Interest will continue to accrue under the Note at a
13 rate of $89.0411/day from June 11, 2007.

14             (iii) all fees, costs, and advances, including but
15 not limited to reasonable attorney fees, prepayment fees, taxes
16 and hazard insurance as provided under the terms of the Note and
17 Deed of Trust.

18    3.   The payment to MortgageIT shall be in full settlement
19 and satisfaction of any and all claims by MortgageIT to the
20 defendant real property and all claims resulting from the
21 incidents or circumstances giving rise to this lawsuit.

22    4.   Upon payment in full as set forth in ¶ 2(e)(i)-(iii),
23 above, claimant MortgageIT agrees to assign and convey its
24 security interest to the United States via recordable documents
25 and to release and hold harmless the United States, and any
26 agents, servants, and employees of the United States, (or any
27 state or local law enforcement agency) acting in their individual
28 or official capacities, from any and all claims by MortgageIT and

its agents which currently exist or which may arise as a result of the government's action against the real property.

    5.   In the event it is determined that the proceeds in the sale of the defendant real property would be insufficient to pay MortgageIT in full as set forth in ¶ 2(e)(i)-(iii), above, after the disbursements described in ¶ 2 (a)-(d) are made, above, the plaintiff United States agrees to release its interest in the defendant real property and consent to the exercise of MortgageIT's state law rights to foreclose upon its deed of trust which secures the obligation to MortgageIT.  Plaintiff shall not enter into a binding agreement to sell the defendant real property unless the proceeds of such sale are sufficient to pay MortgageIT in full as set forth in ¶ 2(e)(i)-(iii), unless MortgageIT otherwise consents in writing.

    6.   Claimant MortgageIT agrees not to pursue against the United States any other rights that it may have under the mortgage instrument, including, but not limited to, the right to initiate a foreclosure action without the consent of the United States Attorney's Office or this Court.

    7.   Claimant MortgageIT agrees to notify the United States Attorney at the end of the first payment cycle in which a payment in not made under the terms specified in the security instrument and promissory note.  Claimant further agrees to join any government motions for interlocutory or stipulated sale of the defendant real property if the proceeds of such sale will be sufficient to pay MortgageIT in full as set forth in ¶ 2(e)(i)-(iii), and any motions to remove occupants from the property for nonpayment of mortgage or rent, destruction of property, or other

4

just cause.

8.  Claimant MortgageIT understands and agrees that by entering into this stipulation of its interests in the defendant real property, it waives any rights to further litigate against the United States and its interest in the defendant real property and to petition for remission or Mitigation of the forfeiture. Unless otherwise provided by this Stipulation or specifically directed by order of this Court, MortgageIT is hereby excused and relieved from further participation in this action.

9.  MortgageIT understands and agrees that the United States reserves the right to void the expedited settlement agreement if, before payments of the mortgage or lien, the U.S. Attorney obtains new information indicating that the mortgagee or lien holder is not an "innocent owner" or "bona fide purchaser" pursuant to applicable forfeiture statutes.  The U.S. Attorney also reserves the right, in its discretion, to terminate the forfeiture at any time and release the subject property.  In either event, the United States shall promptly notify the mortgagee or lien holder of such action.  A discretionary termination of forfeiture shall not be a basis for any award of fees under 28 U.S.C. § 2465.

10.  The parties agree to execute further documents, to the extent necessary, to convey clear title to the defendant real property to the United States and to further implement the terms of this stipulation.

///

///

///

11. The terms of this Stipulation are contingent upon forfeiture of the defendant real property to the United States and the Court's entry of a Final Judgment of Forfeiture.

Dated: August 21, 2007         McGREGOR W. SCOTT
                               United States Attorney


                         By    /s/ Kristin S. Door
                               KRISTIN S. DOOR
                               Assistant Unites States Attorney
                               Attorney for Plaintiff


Dated: August 20, 2007
                               /s/ Troy H. Slome
                               TROY H. SLOME
                               Attorney for Claimant
                               MortgageIT, Inc.




                               ORDER

This Stipulated Expedited Settlement is hereby APPROVED.

Dated: August 21, 2007
                               /s/ Ralph R. Beistline
                               RALPH R. BEISTLINE
                               UNITED STATES DISTRICT JUDGE