```
 1  McGREGOR W. SCOTT
    United States Attorney
 2  KRISTIN S. DOOR, SBN 84307
    Assistant United States Attorney
 3  501 I Street, Suite 10-100
    Sacramento, CA 95814
 4  Telephone: (916)554-2723

 5  Attorneys for Plaintiff
    United States of America
 6

 7

 8              IN THE UNITED STATES DISTRICT COURT

 9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,      )   2:07-CV-00922-JAM-GGH
                                   )
12         Plaintiff,              )   FINAL JUDGMENT OF FORFEITURE
                                   )
13      v.                         )
                                   )
14  REAL PROPERTY LOCATED AT 10664 )
    & 10683 BIRCHVILLE ROAD, NEVADA)
15  CITY, CALIFORNIA, NEVADA       )
    COUNTY, APN NOS: 60-290-06 AND )
16  60-290-13, INCLUDING ALL       )
    APPURTENANCES AND IMPROVEMENTS )
17  THERETO,                       )
                                   )
18         Defendant.              )
    _____)
19
```

20      Pursuant to the Stipulation for Final Judgment of

21 Forfeiture, the Court finds:

22      1.   This is a civil forfeiture action against certain real

23 property located at 10664 & 10683 Birchville Road, Nevada City,

24 California, Nevada County, APN NOS: 60-290-06 and 60-290-13

25 ("defendant real property") and more fully described as:

26      THE LAND REFERRED TO IN THIS DESCRIPTION SITUATED IN
        THE STATE OF CALIFORNIA, COUNTY OF NEVADA,
27      UNINCORPORATED AREA OF NEVADA CITY AND IS DESCRIBED AS
        FOLLOWS:
28

PARCEL NO. 4, AS SET FORTH ON THE PARCEL MAP FILED IN THE OFFICE OF THE NEVADA COUNTY RECORDER APRIL 27, 1977, IN BOOK 11 OF PARCEL MAPS, PAGE 127.

FOR THE PURPOSE OF CLARITY SAID PARCEL 4 INCLUDES THE FOLLOWING DESCRIBED LAND:

THAT PORTION OF THE SOUTHWEST 1/4 OF THE NORTHEAST 1/4 OF SECTION 19, TOWNSHIP 17 NORTH, RANGE 8 EAST, M.D.M., LYING SOUTHEAST OF BIRCHVILLE ROAD ACCORDING TO THE OFFICIAL MAP.

APN NOS: 60-290-06 AND 60-290-13

2.   A Verified Complaint for Forfeiture *In Rem* ("Complaint") was filed on May 15, 2007, seeking the forfeiture of the defendant real property, alleging that said property is subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(7), as real property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of a violation of 21 U.S.C. § 841 *et seq.*

3.   On June 28, 2007, the defendant real property was posted with a copy of the complaint and notice of complaint.

4.   On July 11, 18, 25, and August 1, 2007, a Public Notice of Posting of the defendant real property appeared by publication in The Union, a newspaper of general circulation in the county in which the defendant real property is located (Nevada County).

5.   In addition to the Public Notice of Posting having been completed, actual notice or attempted notice was acknowledged by the following:

     a. Patrick J. Cassidy

     b. MortgageIT, Inc.

     c. Mortgage Electronic Registration Systems, Inc. as Nominee for MortgageIT, Inc.

6.   MortgageIT, Inc. has filed a verified claim and answer

alleging an interest in the defendant real property.  Claimant Patrick J. Cassidy filed a verified statement of interest alleging the he is the sole owner of the defendant real property.

7.   No other parties have filed claims or answers in this matter and the time for which any person or entity may file a claim and answer has expired.

Based on the above findings, and the files and records of the Court, it is hereby

ORDERED AND ADJUDGED:

1.   The Court adopts the Stipulation for Final Judgment of Forfeiture entered into by and between the parties to this action.

2.   Judgment is hereby entered against claimant Patrick J. Cassidy, claimant MortgageIT, Inc. and all other potential claimants who have not filed claims in this action.

3.   Claimant Patrick J. Cassidy agrees to pay to the United States the sum of $25,000.00 (the "settlement amount") as a substitute *res* in lieu of the defendant real property.

   a.   Payments shall be made at the rate of $2,083.33 or more per month until the settlement amount is paid in full.  The first payment shall be due and payable January 15, 2009.

   b.   No interest will accrue on the settlement amount.

   c.   Payments are due on the 15th of every month, and are deemed to be in default if not paid by the 25th of each month.  Partial payments will not be accepted and any attempt to pay less than $2,083.33 will be deemed a default under this stipulation.  If the payment in full (defined as a payment of $2,083.33 or more) is not received by the 25th, the plaintiff

3

1 will send claimant Cassidy a Notice of Default on the 26th of
2 each month.  If payment in full for that month is not made by the
3 last day of that month, claimant Cassidy will be deemed to be in
4 default of this stipulation, and all right, title, and interest
5 in the defendant real property shall be forfeited to the United
6 States pursuant to 21 U.S.C. § 881(a)(7) to be disposed of
7 according to law, subject to the interest of MortgageIT, Inc.  If
8 claimant Cassidy defaults on this agreement, he will not be
9 entitled to a refund of any funds paid to the U.S. Marshal's
10 Service pursuant to this stipulation.

11            d.   Each payment shall be by cashier's check or money
12 order payable to the U.S. Marshals Service.  The cashier's check
13 or money order shall be mailed to the U.S. Attorneys Office,
14 Attn: Asset Forfeiture Unit, 501 I Street, Suite 10-100,
15 Sacramento, CA 95814-2322.  Said payments shall be substituted as
16 the *res* herein, and shall be forfeited to the United States
17 pursuant to 21 U.S.C. § 881(a)(7), to be disposed of according to
18 law.  Upon full payment of the settlement amount, the United
19 States agrees to forego any further action against the defendant
20 real property based on the facts alleged in the Complaint.

21            e.   Within thirty (30) days of full payment of the
22 settlement amount, the United States shall record a release of
23 its lis pendens.

24    4.   Plaintiff United States of America and its servants,
25 agents, and employees, are released from any and all liability
26 arising out of or in any way connected with the filing of the
27 Verified Complaint for Forfeiture *In Rem* and the posting of the
28 defendant real property with the Notice of Complaint and related

4

1 documents.  This is a full and final release applying to all
2 unknown and unanticipated injuries, and/or damages arising out of
3 or in any way connected with the filing of the Verified Complaint
4 for Forfeiture *In Rem* and the posting of the defendant real
5 property with the Notice of Complaint and related documents, as
6 well as to those now known or disclosed.  The parties to this
7 stipulation agree to waive the provisions of California Civil
8 Code § 1542.
9     5.   Pursuant to the stipulation of the parties, and
10 allegations set forth in the Complaint for Forfeiture *In Rem*
11 filed May 15, 2007, the Court finds that there was reasonable
12 cause for the posting of the defendant real property, and a
13 Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465
14 shall be entered accordingly.
15     6.   All parties are to bear their own costs and attorneys'
16 fees.
17     7.   Claimant Patrick J. Cassidy and claimant MortgageIT,
18 Inc., confirm that neither the terms nor the conditions of any
19 loan documents, including the Deed of Trust or any related loan
20 documents, regarding the defendant real property will be in any
21 way affected, modified, or revised by this stipulation, and that
22 claimant Patrick J. Cassidy and claimant MortgageIT, Inc., and
23 their respective successors and/or assigns, shall have and
24 maintain all obligations, duties, rights, and remedies set forth
25 in said loan documents regarding the defendant real property.
26 ///
27 ///
28 ///

8. There are no terms or conditions other than those specified herein.

SO ORDERED THE 9th day of December, 2008.

/s/ John A. Mendez
JOHN A. MENDEZ
United States District Judge

## CERTIFICATE OF REASONABLE CAUSE

Based upon the allegations set forth in the Complaint for Forfeiture *In Rem* filed May 15, 2007, and the Stipulation for Final Judgment of Forfeiture filed December 5, 2008, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the posting of the defendant real property.

Dated: December 9, 2008         /s/ John A. Mendez
                                JOHN A. MENDEZ
                                United States District Judge